UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON GENARO MORALES MARTINEZ, | ) ) ) | |
| Petitioner | ) ) | |
| v. | ) ) | No. 1:26-cv-00129-LEW |
| DERRICK STAMPER, et al., | ) ) | |
| Respondents | ) | |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jason Genaro Morales Martinez's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). Petitioner seeks release from immigration detention in the State of Maine. Respondent Derrick Stamper, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol, and the other federal respondents oppose the Petition. For the following reasons, the Petition is conditionally granted.

## BACKGROUND

Petitioner is a national of Guatemala. According to his Petition, which is verified, in 2020, Petitioner entered the United States between ports of entry without inspection or apprehension. Petitioner resides in Auburn, Maine, with his wife and child. Petitioner is actively employed in the construction industry. Customs and Border Protection ("CBP") took Petitioner into its custody on March 3, 2026. CBP did not perform an initial custody determination to evaluate Petitioner's qualification for release on bond or other conditions

pending removal proceedings. Petitioner does not have any criminal convictions that would require detention. Petitioner is currently detained at a CBP facility in Fort Fairfield, Maine.

In his March 11, 2026, Petition, Petitioner asserts that ongoing detention without an opportunity for release on bond or other conditions violates the Due Process Clause and a standing order of the United States District Court for the District of Massachusetts, *Guerrero Orellana v. Moniz*, No. 1:25-cv-12664, 2025 WL 3687757 (D. Mass. Dec. 19, 2025), which granted relief to a class of persons subject to detention pending removal proceedings.[1]

On March 12, 2026, the Court issued an Order to Show Cause (ECF No. 5) that directed the Respondents to address the merits of the Petition. *See* 28 U.S.C. § 2243. In their March 15, 2026, Response (ECF No. 6), Respondents maintain that Petitioner is subject to mandatory detention pending the completion of removal proceedings under 8 U.S.C. § 1225(b)(2) but acknowledge that that assertion is contrary to local precedent. Respondents state: "The position of CBP nonetheless remains that Petitioner must be detained pending the outcome of his removal proceedings, with the agency following the precedential decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sept. 5, 2025), to which it asserts it must adhere."

---

[1] The scope of the relief awarded in *Guerrero Orellana* extends to mandatory detentions of similarly situated noncitizens under 8 U.S.C. § 1225(b)(2)(A) "who are either detained within Massachusetts or subject to the jurisdiction of an immigration court in Massachusetts." *Guerrero Orellana*, 2025 WL 3687757, at *1.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241. The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention and does not otherwise challenge the underlying removal proceedings.  *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The petitioner must prove illegal detention by a preponderance of the evidence.  *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

Based on the factual assertions contained in the Petition and the Federal Respondent's failure to oppose any of the factual assertions, I find that Petitioner has resided in the United States for two years or more and that he entered the United States without admission or inspection.  Given these circumstances and based on the district court decisions discussed in the parties' submissions—precedent that they and the Court are well aware of concerning multiple recent habeas petitions, injunctions, and writs granted in this Court[2]—I conditionally grant habeas relief without a hearing.  Although it has been my hope that, by now, Respondents would be able to honor this District's precedent and the class action relief awarded in *Guerrero Orellana*, without prolonging the detention of habeas petitioners like Mr. Morales Matinez, instead Respondents insist on the issuance of

---

[2] *See, e.g.*, *Chogllo Chafla v. Scott*, 2:25-cv-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Bermeo Sicha v. Bernal*, 25-cv-00418-SDN, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

writs of habeas corpus from this Court.  Respondents might do well to consider whether, in the alternative, they should release habeas petitioners like Mr. Morales Martinez in tandem with their returns and responses, whereupon the Court could simply dismiss such petitions as moot.

### CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is conditionally GRANTED (ECF No. 1).  It is HEREBY ORDERED that in order for Respondents to continue detaining Petitioner they must hold a hearing within 7 days before an immigration judge to consider Petitioner's request for release on bond pending the conclusion of removal proceedings.  If a bond hearing is held, Respondents will release Petitioner on bond unless the Government carries the burden prescribed by the First Circuit in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).  If a hearing is not scheduled within that timeframe, Respondents will release Petitioner.  During the 7-day period, removal of Petitioner from the District of Maine while he remains subject to detention is ENJOINED except to enable his attendance at a bond hearing in the District of Massachusetts, if that is where the hearing is held.  Petitioner's Motion for Temporary Restraining Order is DISMISSED AS MOOT (ECF No. 2).

**SO ORDERED.**

Dated this 16th day of March, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

4